**REED SMITH LLP**
Princeton Forrestal Village
136 Main Street - Suite 250
Princeton, New Jersey 08540-7839
Telephone: +1 609 987 0050
Facsimile: +1 609 951 0824
Attorneys for Defendant Chex Systems, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MICROBILT CORPORATION, a Delaware Corporation, | : : : | Civil Action No. |
| Plaintiff, | : : | |
| v. | : : | **NOTICE OF REMOVAL** |
| CHEX SYSTEMS, INC., a Minnesota Corporation, | : : : | |
| Defendant. | : : | |

To: Clerk of the Court
United States District Court of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street Room 2020
Trenton, New Jersey 08608

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. § 1441 et seq., Defendant Chex Systems, Inc. ("Chex") hereby removes this action from the Superior Court of New Jersey, Chancery Division, Mercer County, to the United States District Court for the District of New Jersey. In support of this Notice of Removal, Chex states as follows:

1. On or around November 18, 2010, Plaintiff MicroBilt Corporation ("MicroBilt") filed a Verified Complaint ("Complaint") and an Order to Show Cause with Temporary Restraints Pursuant to R. 4:52 ("TRO") naming Chex Systems, Inc., as a defendant in a civil action commenced in the Superior Court of New Jersey, Chancery Division, Mercer County,

- 2 -

captioned <u>MicroBilt Corporation v. Chex Systems, Inc.</u>, attached to the Certification of Edward J. Mullins III, Esq. in Support of Notice of Removal ("Mullins Certification" or "Mullins Cert.") as Exhibits A and B.

2. The Superior Court of New Jersey, Chancery Division, Mercer County, is located within the District of New Jersey, Trenton Vicinage. Therefore, venue is proper because the action is being removed to the "district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

3. MicroBilt delivered the Complaint and TRO to Chex Systems, Inc. by electronic mail on November 18, 2010. These pleadings were the first paper or pleading from which Chex was able to ascertain that this action is removable. This Notice of Removal is therefore timely being filed within thirty (30) days of Chex's initial receipt of the Complaint as required by 28 U.S.C. § 1446(b).

4. As of the filing of the Complaint and at present, Chex, the lone defendant, is incorporated and headquartered in Minnesota, with its principal place of business in Minnesota. (<u>See</u> Compl. ¶ 4, Mullins Cert. Ex. A.) Chex is therefore a citizen of Minnesota for purposes of 28 U.S.C. § 1332(a)(1) and (c), and not a citizen of New Jersey. As of the filing of the Complaint and at present, MicroBilt is incorporated in Delaware with its headquarters and principle place of business in New Jersey. (<u>See</u> Compl. ¶ 1, Mullins Cert. Ex. A.) MicroBilt is therefore a citizen of Delaware and New Jersey for purposes of 28 U.S.C. § 1332(a)(1) and (c). Accordingly, there is complete diversity for purposes of 28 U.S.C. § 1332(a) and (c).

5. The amount in controversy requirement set forth in 28 U.S.C. § 1332(a) is satisfied. Where, as here, an amount is not specified in the complaint, the court may look to the facts pleaded in the complaint in assessing the amount in controversy for purposes of removal.

Jumara v. State Farm Ins Co., 55 F.3d 873, 877 (3d Cir. 1995); see, e.g., id. ("[T]he amount in controversy in a petition to compel arbitration is determined by the underlying cause of action that would be arbitrated."). Further, when a court is making its determination, the "amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." Angus v. Shiley Inc., 989 F.2d 142, 146 (3d Cir. 1993).

6.  In the Complaint, MicroBilt demands a TRO against Chex to enjoin Chex from exercising its termination rights under the business agreement between the parties. (See Compl. ¶¶ 15-17, Mullins Cert. Ex. A.) MicroBilt clarified that it seeks temporary restraints or a preliminary injunction of Chex's right to terminate and a mandate of specific performance until the underlying issues can be arbitrated. (See Pl.'s Reply at 10, 13, Mullins Cert. Ex. C.)

7.  In the Third Circuit, the amount in controversy in injunctive and declaratory actions is calculated as "the value of the right sought to be protected by the equitable relief." In re Corestates Trust Fee Litig., 39 F.3d 61, 65 (3d Cir. 1994); see Columbia Gas Transmission Corp. v. Tarbuck, 62 F.3d 538, 541 (3d Cir. 1995) ("'[T]he value of the object of the litigation.'" (quoting Hunt v. Wash. Apple Adver. Comm'n, 432 U.S. 333, 347 (1977)). The Third Circuit explained this to be "'the value to plaintiff to conduct his business or personal affairs free from the activity sought to be enjoined that is the yardstick for measuring the amount in controversy.'" In re Corestates, 39 F.3d at 65 (quoting 14A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure, § 3708 (2d ed. 1985)).

8.  As of the filing of the Complaint and at present, MicroBilt's allegations establish that the business agreement that Chex seeks to terminate accounts for 58% of MicroBilt's business which, it claims, "will be destroyed" if injunctive relief is not granted. (See Compl.

¶ 14, Mullins Cert. Ex. A.) The Complaint further alleges and estimates MicroBilt to be worth between $150 million and $180 million. (See id. ¶ 9, Mullins Cert. Ex. A.) Accepting MicroBilt's allegations to be true for purposes of this Notice of Removal only, and calculating conservatively, termination of the business agreement at issue will result in a loss to MicroBilt of approximately $87 million or more. Therefore, the value of the right sought to be protected by MicroBilt's requested injunction exceeds the statutory minimum amount in controversy, $75,000. See 28 U.S.C. § 1332(a).

9. Based on the foregoing, this Court has original jurisdiction over this action because there is complete diversity of citizenship of the parties under 28 U.S.C. § 1332(a) and (c), and the value of MicroBilt's requested injunction exceeds $75,000, exclusive of interest and costs. This case is therefore removable under 28 U.S.C. § 1441(a).

10. The Chancery Division has not entered any TRO or other temporary restraint in the underlying action. No decisions on the merits or on any pending motions have been made.

11. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, pending motions and orders served upon Chex in this action are attached to the Mullins Certification as Exhibits A through L.[1]

---

[1] Chex is refraining from electronically filing supporting documents to the Exhibits in an abundance of caution because MicroBilt claims in its Application to Seal Record that they contain purportedly trade secret or otherwise confidential information. Instead, Chex will submit any such documents in sealed envelopes in hard copy pursuant to the Clerk's instruction, or in accordance with any protective order to be entered in this litigation. This precaution is not in any way a concession or agreement that the documents have any secret or protective dimension, and it will be decided at the appropriate juncture by the Court whether there are any viable confidentiality considerations in these documents.

12. Written notice of the filing of this Notice of Removal, attaching a true and correct copy of this Notice of Removal, Mullins Certification and all exhibits thereto, will be promptly served upon Plaintiff's counsel in accordance with 28 U.S.C. § 1446(d).

13. Written notice of the filing of this Notice of Removal, attaching a true and correct copy of this Notice of Removal, Mullins Certification and all exhibits thereto, also will be promptly filed with the Clerk of the Superior Court of New Jersey, Chancery Division, Mercer County, in accordance with 28 U.S.C. § 1446(d), with a courtesy copy to the Honorable Mary C. Jacobson, P.J.Ch. pursuant to R. 1:6-4. A copy of said written notice is attached to the Mullins Certification as Exhibit M.

WHEREFORE, Chex gives notice that this action is removed from the Superior Court of New Jersey, Chancery Division, Mercer County, to the United States District Court for the District of New Jersey.

Respectfully submitted,

**REED SMITH LLP**

By: */s/ Mark S. Melodia*
    Mark S. Melodia
    Edward J. Mullins III

Attorneys for Defendant Chex Systems, Inc.

Dated: December 14, 2010