# EXHIBIT A

MASELLI WARREN, P.C.
600 Alexander Road
Princeton, New Jersey 08540
(609) 452-8411
Attorneys for Plaintiff

| | |
|---|---|
| MICROBILT CORPORATION, a Delaware Corporation<br><br>Plaintiff,<br><br>v.<br><br>CHEX SYSTEMS, INC., a Minnesota Corporation<br><br>Defendant. | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION<br>MERCER COUNTY<br><br>DOCKET NO:<br><br>Civil Action<br><br>**VERIFIED COMPLAINT** |

Plaintiff, MicroBilt Corporation, by way of Complaint against Defendant, Chex Systems, Inc., says:

1. Plaintiff is a Delaware Corporation with offices located at 100 Canal Pointe Boulevard, Suite 208, Princeton Junction, New Jersey.

2. The Plaintiff is in the business of providing consumer-specific information and service offerings consisting of closure and inquiry files related to consumer transaction accounts with financial institutions, records of returned checks reported by retail merchants, and consumer identity data (hereafter referred to as "Information") to lenders such as credit unions and car dealerships, among others, which the lenders use to make decisions about lending money to their customers.

3. In this industry, the Plaintiff is often referred to as a "reseller."

4. Defendant is a Minnesota Corporation with its principal place of business in Woodbury, Minnesota. Defendant is in the business of selling Information to resellers and directly to lenders.

5. The Plaintiff and the Defendant, and other entities were parties to a lawsuit in this Court, in the Law Division, under Docket No. Mer-L-404-09 (the "Prior lawsuit").

6. The Prior Lawsuit settled whereby the Plaintiff and Defendant entered into a series of settlement agreements and other documents. In March, 2010, a Stipulation of Dismissal with prejudice was filed with the Court.

7. The Plaintiff and the Defendant agreed that the terms of the settlement would remain confidential. Accordingly, the documents are not attached to this complaint.

8. It can be disclosed that as part of the settlement, the Defendant agreed to sell Information to the Plaintiff which the Plaintiff would resell to its customers.

9. The Plaintiff's business has been valued as having a value between $150 million and $180 million. .

10. The customers of the Plaintiff to whom it sells the Information that it buys from the Defendant comprise roughly 58% of the Plaintiff's revenue.

11. Recently, the Plaintiff has requested the Defendant to sell Information to the Plaintiff that the Plaintiff planned to resell to new customers.

12. Even though the Plaintiff has complied with all of the contractual requirements for the purchase of Information from the Defendants, the Defendant has refused to sell the Information to the Plaintiff.

13. More troubling, the Defendant has threatened to stop selling Information to the

Plaintiff for resale to its existing customers.

14. If the Defendant carries through with its threat to terminate the sale of Information to the Plaintiff for resale to its existing customers, 58% of the Plaintiff's business will be destroyed.

15. If the Defendant carries through with its threat to terminate the sale of Information to the Plaintiff for resale to its existing customers, the Plaintiff will be forced to terminate at least 150 employees.

16. If the Defendant carries through with its threat to terminate the sale of Information to the Plaintiff for resale to its existing customers, there is no other vendor to whom the Plaintiff can turn for the purchase of the same Information that is available for purchase from the Defendant.

17. The Plaintiff has no adequate remedy at law as it seeks not money damages for destruction of its business, but instead seeks to prevent its business from being destroyed.

WHEREFORE, Plaintiff seeks an order of this Court for a temporary restraining order, a preliminary injunction and a permanent injunction to compel the Defendant to sell the Plaintiff Information in accordance with the terms of the parties agreement for resale to the Plaintiff's existing customers and new customers, for attorney fees and costs, and for such other relief as the Court may deem equitable, appropriate and just..

|  |  | MASELLI WARREN, P.C.<br>Attorneys for Plaintiff |
|---|---|---|
| Dated: November 18, 2010 | BY: | _____<br>PAUL J. MASELLI |

## VERIFICATION

I hereby verify that each of the statements made herein are true.

Dated: November 18, 2010

FRANKLIN LEVIN
Senior Vice President and General Counsel
MicroBilt Corporation, Plaintiff

CERTIFICATION TO FACSIMILE SIGNATURE

Pursuant to Rule 1:4-4, I certify that the affiant acknowledged the genuineness of the signature on this Certification which appears above. A copy of the Certification with an original signature affixed will be filed if requested by the Court or a party.

PAUL J. MASELLI

Dated: November 18, 2010