**REED SMITH LLP**
Princeton Forrestal Village
136 Main Street - Suite 250
Princeton, New Jersey  08540-7839
Telephone:    +1 609 987 0050
Facsimile:     +1 609 951 0824
Attorneys for Defendant Chex Systems, Inc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICROBILT CORPORATION, a Delaware Corporation, | Civil Action No. 10-6491 (MLC) |
| Plaintiff, | |
| v. | **MEMORANDUM OF LAW IN SUPPORT OF CHEX SYSTEMS, INC.'S MOTION TO DISMISS** |
| CHEX SYSTEMS, INC., a Minnesota Corporation, | |
| Defendant. | Motion Date:  January 18, 2011 |

Mark S. Melodia
Andrew J. Trevelise
Edward J. Mullins III
Of Counsel

Edward J. Mullins III
On the Brief

**TABLE OF CONTENTS**

Page

I. PRELIMINARY STATEMENT ........................................................................................1

II. STATEMENT OF FACTS & PROCEDURAL HISTORY ................................................2

III. LEGAL ARGUMENT..........................................................................................................4

    A. This Court Must Analyze Chex's Motion to Dismiss under the Federal Arbitration Act..................................................................................................................5

        1. The Facially Valid Resale Agreement Provides for Arbitration..................6

        2. The Agreement Involves Interstate Commerce ...........................................6

    B. MicroBilt's Action, Including the Injunctive Relief That It Seeks against Chex, Must Be Dismissed Because Its Claims Fall within, and Are Inextricably Linked with, the Resale Agreement and the Four Corners of the Arbitration Clause ........................................................................................7

    C. This Court Lacks Subject Matter Jurisdiction to Adjudicate the Merits of the Complaint Based on MicroBilt's Voluntary Demand for Arbitration of the Claims and Should Be Dismiss MicroBilt's Action in Favor of Arbitration...........................................................................................................8

IV. CONCLUSION...................................................................................................................11

## **TABLE OF AUTHORITIES**

Page

**Cases**

Alexander v. Anthony Int'l, L.P.,
  341 F.3d 256 (3d Cir. 2003) .................................................................................. 5

Allied-Bruce Terminix Cos. v. Dobson,
  513 U.S. 265 (1995) .............................................................................................. 7

Alpert, Goldberg, Butler, Norton & Weiss, P.C. v. Quinn,
  410 N.J. Super. 510 (App. Div. 2009) ................................................................ 10

AT&T Techs., Inc. v. Commc'n Workers of Am.,
  475 U.S. 643 (1986) .............................................................................................. 7

Carpet Group Int'l v. Oriental Rug Imps. Ass'n, Inc.,
  227 F.3d 62 (3d Cir. 2000) .................................................................................. 8

Cont'l Ins. Co. v. Rutledge & Co., Inc.,
  750 A.2d 1219 (Del. Ch. 2000) .......................................................................... 10

Crawford v. W. Jersey Health Sys.,
  847 F. Supp. 1232 (D.N.J. 1994) ......................................................................... 7

Dancu v. Coopers & Lybrand,
  778 F. Supp. 832 (E.D. Pa. 1991) ........................................................................ 9

Dean Witter Reynolds Inc. v. Byrd,
  470 U.S. 213 (1985) .............................................................................................. 6

Delta Funding Corp. v. Harris,
  189 N.J. 28 (2006) ................................................................................................ 5

Doe v. Delie,
  257 F.3d 309 (3d Cir. 2001) ................................................................................. 9

First Options of Chic., Inc. v. Kaplan,
  514 U.S. 938 (1995) .............................................................................................. 6

Gay v. CreditInform,
  511 F.3d 369 (3d Cir. 2007) ................................................................................. 6

Gould Elecs. Inc. v. United States,
  220 F.3d 169 (3d Cir. 2000) ................................................................................. 8

Iwanowa v. Ford Motor Co.,
  67 F. Supp. 2d 424 (D.N.J. 1999) ....................................................................................... 8

Kaplan v. First Options of Chi., Inc.,
  19 F.3d 1503 (3d Cir. 1994) ............................................................................................. 10

Kirleis v. Dickie, McCamey & Chilcote, P.C.,
  560 F.3d 156 (3d Cir. 2009) ............................................................................................... 6

Martindale v. Sandvik, Inc.,
  173 N.J. 76 (2002) .............................................................................................................. 5

Mele v. Fed. Reserve Bank of N.Y.,
  359 F.3d 251 (3d Cir. 2004) ............................................................................................... 2

Mills v. Marjam Supply Co., Inc.,
  No. No. 08-CV-5726 (DMC), 2009 WL 235593 (D.N.J. Jan. 30, 2009) ............................ 9, 10

Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,
  460 U.S. 1 (1983) ................................................................................................................ 5

Mroczkowski v. Fedex Ground Package Sys., Inc.,
  No. 09-34 (MLC), 2009 WL 1298434 (D.N.J. May 8, 2009) ............................................ 8, 9

Palcko v. Airborne Express, Inc.,
  372 F.3d 588 (3d Cir. 2004) ............................................................................................... 9

Perry v. Thomas,
  482 U.S. 483 (1987) ............................................................................................................ 5

Puleo v. Chase Bank USA, N.A.,
  605 F.3d 172 (3d Cir. 2010) ............................................................................................... 5

Ramey v. Burlington Car Connection, Inc.,
  No. 10-1445 (JBS/JS), 2010 WL 4320407 (D.N.J. Oct. 25, 2010) ..................................... 9

SBC Interactive, Inc. v. Corp. Media Partners,
  714 A.2d 758 (Del. 1998) ................................................................................................... 5

Sheet Metal Workers Int'l Ass'n Local Union No. 27, AFL-CIO v. E.P. Donnelly, Inc.,
  673 F. Supp. 2d 313 (D.N.J. 2009) ................................................................................... 10

State Farm Mut. Auto. Ins. Co. v. Coviello,
  233 F.3d 710 (3d Cir. 2000) ............................................................................................... 6

Tekmen v. S, Builders, Inc.,
  No. 04C03007RFS, 2005 WL 1249035 (Del. Super. Ct. May 25, 2005) ............................ 5

United Steelworkers of Am. v. Warrior & Gulf Navigation Co.,
    363 U.S. 574 (1960) .................................................................................................. 7

Upton v. Tribilcock,
    91 U.S. 45 (1875) ................................................................................................... 10

Volt Info. Sciences, Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.,
    489 U.S. 468 (1989) .................................................................................................. 5

**Statutes**

9 U.S.C. § 2 ...................................................................................................................... 5

**Rules**

Fed. R. Civ. P. 12(b)(1) ............................................................................................. 1, 8, 9

Fed. R. Civ. P. 12(b)(6) ................................................................................................. 1, 9

Fed. R. Civ. P. 8(c)(2)(C) ................................................................................................. 3

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Defendant Chex Systems, Inc. ("Chex"), through its counsel, files this Memorandum of Law in support of its motion to dismiss the Verified Complaint ("Complaint") filed by Plaintiff MicroBilt Corporation ("MicroBilt") against Chex, including its pending request for injunctive relief.[1]

## I. PRELIMINARY STATEMENT

This is a breach of contract case. Each and every allegation in the Complaint against Chex rises or falls on the fundamental question of whether MicroBilt breached its contractual obligations with Chex, and whether Chex may terminate the agreement accordingly. MicroBilt demands a Temporary Restraining Order ("TRO") against Chex. Procedurally, MicroBilt's application for emergent relief has been brought before the wrong forum. Furthermore, this Court lacks subject matter jurisdiction to rule on its application or to adjudicate the Complaint. The applicable contract contains a clear and unambiguous arbitration clause that requires all disputes that arise under the contract to be resolved by binding arbitration under the rules of the American Arbitration Association ("AAA"). MicroBilt cannot evade that agreement and concedes the arbitrability of its claims in Duval County, Florida. In light of federal and state policy strongly favoring the enforcement of arbitration clauses, this matter should be referred to arbitration for decision immediately. This Court need not enter into the traditional contract dispute at issue here, a dispute properly reserved by the parties for arbitration.

---

[1] Chex brings this motion to dismiss contemporaneously with its opposition to MicroBilt's removed application for a temporary restraining order, for which the Court will hear oral argument on December 22, 2010 at 11:00 a.m., in order to (a) raise important subject matter jurisdiction defects preventing this Court's power to hear MicroBilt's application, (b) avoid any suggestion that Chex has waived its right to arbitrate this dispute; and (c) to make this Court aware that MicroBilt has an alternative forum in which it should have sought to have this dispute adjudicated and thus is not irreparably harmed by a lack of an alternative forum in which to air its grievances.

The applicable contract contains a clear and unambiguous arbitration clause that requires all disputes that arise under that contract to be resolved by binding arbitration. MicroBilt has acknowledged this and has filed for arbitration in Duval County, Florida to prevent Chex's termination of the agreement at issue. MicroBilt cannot be allowed to forum shop bits and pieces of its case to courts and arbitrators as it sees fit, and be allowed to maintain its separate application for temporary restraints. In light of the now-undisputed obligation of both parties to submit all disputes to arbitration, this Court should dismiss all claims asserted by MicroBilt against Chex in the Complaint and require MicroBilt to honor the contractual dispute resolution provision of the Resale Agreement.

## II. STATEMENT OF FACTS & PROCEDURAL HISTORY

MicroBilt and Chex are parties to a Resale Agreement dated August 26, 2009 (the "Resale Agreement"), as amended, under which Chex provides MicroBilt with the proprietary and confidential consumer reporting "Information" that MicroBilt resells to "End Users."[2] As more fully laid out in the parties' state court briefing submitted to the Court in consideration of MicroBilt's application for a TRO, pursuant to Section 21(c) of the Resale Agreement, Chex may terminate the contract with MicroBilt on three days' notice for MicroBilt's failure to provide credentialing files of End Users. (See Resale Agreement § 21(c), Confidential Ex.[3] 1.)

---

[2] We note for the Court that MicroBilt refers to the Resale Agreement in its Complaint. (See Compl. ¶¶ 8, 12, at 3, Ex. A.) Accordingly, the Court is permitted to consider and interpret this contract in the context of this motion to dismiss. See Mele v. Fed. Reserve Bank of N.Y., 359 F.3d 251, 256 n.5 (3d Cir. 2004) (restating the general rule that the court may consider a "document integral to or explicitly relied upon in the complaint" (quotation marks and citations omitted) (emphasis in original)).

[3] Citations herein to "Confidential Ex." refer to the confidential exhibit identified in the Certification of Edward J. Mullins III, Esq. in support of the motion to dismiss. Chex is refraining from electronically filing this exhibit in an abundance of caution because MicroBilt claims in its Motion of Application to Seal Record filed in state court that it contains purportedly

On November 16, 2010, Chex served such notice after ten End User credentialing files remained outstanding for almost two months; in turn, MicroBilt applied to the Superior Court of New Jersey, Chancery Division, Mercer County, for a temporary restraint of Chex's right to terminate the Resale Agreement on November 18, 2010, (see Compl. at 3, Ex.[4] A), which was subsequently removed to this Court on December 14, 2010.[5]

Under the Resale Agreement, the parties agreed that binding arbitration would resolve any disputes arising from the performance of the contract, including the interpretation of the requirement of MicroBilt to provide Chex with credentialing files of End Users, and Chex's right to suspend services and terminate the Resale Agreement under Section 21(c). (See Resale Agreement § 21(c), Confidential Ex. 1.) Specifically, the Resale Agreement states:

> 29.     Governing Law and Disputes
> <u>Any dispute, difference, controversy or claim arising out of or relating to this Agreement shall be settled by binding arbitration before a single arbitrator in accordance with the Commercial Arbitration Rules (including Procedures for Large, Complex Commercial Disputes) of the American Arbitration Association ("AAA"). In the event that that arbitration action is initiated by the Reseller, venue for the arbitration action shall lie in Duval County, Florida.</u> In the event that that arbitration action is initiated by Chex, venue for the arbitration action shall lie in Mercer County, New Jersey. Judgment on any resulting award may be entered into by any court having jurisdiction over the parties or their respective property. The arbitrator shall decide any issues submitted in accordance with the provisions and commercial purposes of this Agreement, provided that all substantive questions of law shall be determined in accordance with the state and

---

trade secret or otherwise confidential information. Instead, Chex will submit this and any such documents directly to chambers with the Court's courtesy copy. This precaution is not in any way a concession or agreement that the documents have any secret or protective dimension, and it will be decided at the appropriate juncture by the Court whether there are any viable confidentiality considerations in these documents.

[4] Citations herein to "Ex." refer to the exhibits identified in the Certification of Edward J. Mullins III, Esq. submitted in support herewith.

[5] Pursuant to Federal Rule of Civil Procedure 81(c)(2)(C), Chex's present motion to dismiss is timely filed.

>Federal laws applicable in Delaware, without regard to internal principles relating to conflict of laws. The prevailing party in any dispute arising out of this Agreement shall be entitled to, and the arbitrator shall have jurisdiction to award, the recovery of reasonable attorneys' fees, costs and expenses.

(Id. § 29 (emphasis added), Confidential Ex. 1.) Furthermore, the Resale Agreement contains an integration clause whereby it "constitutes the entire agreement of the parties with respect to its subject matter and supersedes all prior, existing or contemporaneous agreements and other communications, written or oral." (Id. § 32, Confidential Ex. 1.)

MicroBilt agrees that the parties' dispute should be arbitrated. After filing its application for a TRO, on November 29, 2010, MicroBilt filed a demand for arbitration in Duval County, Florida, consistent with the venue provisions in the Resale Agreement. MicroBilt has raised an issue that it should be arbitrated before the Honorable John J. Hughes (Ret.) of JAMS, which the parties can resolve through arbitration. (See Arbitration Demand at 2, Ex. B.) Florida counsel for Chex, based on the plain and contrary provisions of Sections 29 and 32, sent a letter to JAMS disputing MicroBilt's pre-selection of Judge Hughes and JAMS for the parties' arbitration. (See Letter from David M. Wells to JAMS of Dec. 3, 2010, Ex C.) Chex is eager to arbitrate this matter in Duval County, Florida in accordance with the Resale Agreement, under the AAA's rules and the laws of Delaware.[6]

**III.   LEGAL ARGUMENT**

Before addressing the merits of MicroBilt's request for a TRO, the Court must address jurisdictional defects that have arisen since the initial filing of MicroBilt's application in state court. Namely, this Court is without proper jurisdiction to hear MicroBilt's TRO or otherwise

---

[6] Chex does not concede that there is any wrongdoing on its part necessitating arbitration. Chex merely asks the Court to dismiss or to redirect MicroBilt to request relief in the proper forum. (See Resale Agreement § 29, Confidential Ex. 1.)

decide the merits of the Complaint as it belongs in arbitration as initiated by MicroBilt. Any request for an injunction to prevent Chex's termination of the Resale Agreement is part and parcel of the entire underlying claim. The Court should dismiss this action.

### A.   This Court Must Analyze Chex's Motion to Dismiss under the Federal Arbitration Act

Section Two of the FAA mandates that binding arbitration agreements in contracts "evidencing a transaction involving [interstate] commerce . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2; see Alexander v. Anthony Int'l, L.P., 341 F.3d 256, 263 (3d Cir. 2003) (holding that arbitration agreements "are enforceable to the same extent as other contracts" due to "a strong federal policy in favor of the resolution of disputes through arbitration").

The FAA promotes a "liberal federal policy favoring arbitration agreements," and "questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983); see Perry v. Thomas, 482 U.S. 483, 490-91 (1987) (stating that arbitration agreements falling within the scope of the FAA "must be 'rigorously enforce[d]'" (citations omitted)); Puleo v. Chase Bank USA, N.A., 605 F.3d 172, 178 (3d Cir. 2010).[7] The FAA's "primary purpose [is to ensure] that private agreements to arbitrate are enforced according to their terms." Volt Info. Sciences, Inc. v. Bd. of Trs. of Leland Stanford Junior Univ., 489 U.S. 468, 479 (1989). Indeed, the United States Supreme Court has held that the FAA "leaves no place for the exercise of

---

[7] Notably, Delaware and New Jersey public policy also strongly favor arbitration. See, e.g., Delta Funding Corp. v. Harris, 189 N.J. 28, 39 (2006); Martindale v. Sandvik, Inc., 173 N.J. 76, 83-86 (2002); SBC Interactive, Inc. v. Corp. Media Partners, 714 A.2d 758, 761 (Del. 1998); Tekmen v. S, Builders, Inc., No. 04C03007RFS, 2005 WL 1249035, at *1, *6 (Del. Super. Ct. May 25, 2005).

discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration." Dean Witter Reynolds Inc. v. Byrd, 470 U.S. 213, 218 (1985) (emphasis in original).

Under the FAA, there is a "strong presumption in favor of arbitrability." See Gay v. CreditInform, 511 F.3d 369, 387 (3d Cir. 2007). Further, the Supreme Court has held that "doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." Id. (quotation marks and citation omitted). The FAA applies where (1) there is an agreement in writing providing for arbitration; and (2) the contract evidences a transaction involving interstate commerce. See State Farm Mut. Auto. Ins. Co. v. Coviello, 233 F.3d 710, 713 n.1 (3d Cir. 2000). These two requisite elements are satisfied in the instant matter, and thus the FAA applies to the interpretation and enforcement of the arbitration clause contained in the contract that is the subject of the dispute between MicroBilt and Chex.

### 1. The Facially Valid Resale Agreement Provides for Arbitration

Despite the applicability of the FAA, "[t]o determine whether the parties agreed to arbitrate, [the court] turn[s] to 'ordinary state-law principles that govern the formation of contracts.'" Kirleis v. Dickie, McCamey & Chilcote, P.C., 560 F.3d 156, 160 (3d Cir. 2009) (quoting First Options of Chic., Inc. v. Kaplan, 514 U.S. 938, 944 (1995)). Here, MicroBilt makes no allegation that the Resale Agreement is invalid in any way. On the contrary, MicroBilt seeks to enforce its view of the terms of the Resale Agreement. Therefore, it is respectfully submitted that this Court need not engage in a state law analysis at this juncture to determine the existence, or facial validity, of the Resale Agreement under which the parties seek to arbitrate. Even if this Court were to do so, it would reach the same conclusion.

### 2. The Agreement Involves Interstate Commerce

The United States Supreme Court has made clear that the FAA is extremely broad and

applies to any transaction directly or indirectly affecting interstate commerce.  See, e.g., Allied-Bruce Terminix Cos. v. Dobson, 513 U.S. 265, 277 (1995).  A transaction involving entities from different states transferring products across state lines clearly evidences a transaction involving interstate commerce as defined by the FAA.  See Crawford v. W. Jersey Health Sys., 847 F. Supp. 1232, 1240 (D.N.J. 1994) (stating that for the FAA to apply, the contract "need have only the slightest nexus with interstate commerce").  Here, MicroBilt (a Delaware corporation) and Chex (a Minnesota corporation) are selling and reselling proprietary and confidential consumer reporting information that is used by End Users throughout the United States.  Therefore, it is beyond dispute that the parties are engaging in interstate commerce.

      **B.**     **MicroBilt's Action, Including the Injunctive Relief That It Seeks against Chex, Must Be Dismissed Because Its Claims Fall within, and Are Inextricably Linked with, the Resale Agreement and the Four Corners of the Arbitration Clause**

All of MicroBilt's claims against Chex fall within the scope of the arbitration clauses in the Resale Agreement.  (See Arbitration Demand at 2, Ex. B.)  Even the TRO sought is not separate and distinct from the contract, but goes to the very essence of the contractual dispute.  See AT&T Techs., Inc. v. Commc'n Workers of Am., 475 U.S. 643, 650 (1986) ("'An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'" (quoting United Steelworkers of Am. v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582-83 (1960))).  Here, the Resale Agreement expressly provides that, "[a]ny dispute, difference, controversy or claim arising out of or relating to this Agreement shall be settled by binding arbitration before a single arbitrator in accordance with the Commercial Arbitration Rules (including Procedures for Large, Complex Commercial Disputes) of the [AAA]."  The broad arbitration clause encompasses MicroBilt's claims against Chex.  (Compare Arbitration

Demand ¶¶ 49-56, Ex. B, with Compl. ¶¶ 8-17, Ex. A.)  The issue to be resolved is whether Chex may terminate the Resale Agreement, pursuant to its explicit provisions, in the face of MicroBilt's noncompliance and material breach.  This issue undeniably falls squarely within the parameters of the dispute resolution provision of the Resale Agreement, such that the instant matter is required to be referred to arbitration.

> **C.     This Court Lacks Subject Matter Jurisdiction to Adjudicate the Merits of the Complaint Based on MicroBilt's Voluntary Demand for Arbitration of the Claims and Should Be Dismiss MicroBilt's Action in Favor of Arbitration**

Chex seeks to dismiss the Complaint pursuant to 12(b)(1) based on MicroBilt's voluntary request for relief in another forum, namely in arbitration.  "A defendant may challenge subject matter jurisdiction through a . . . factual attack," and "the plaintiff bears the burden of demonstrating jurisdiction."  Mroczkowski v. Fedex Ground Package Sys., Inc., No. 09-34 (MLC), 2009 WL 1298434, at *1 (D.N.J. May 8, 2009) (Cooper, J.) (citing Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000).  "When reviewing a factual challenge . . . 'no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.'"  Id. at *2 (quoting Carpet Group Int'l v. Oriental Rug Imps. Ass'n, Inc., 227 F.3d 62, 69 (3d Cir. 2000)).  As Chex raises a factual challenge, this Court "may consider the documents attached to the pleadings," and "affidavits, depositions, and testimony to resolve factual issues, and weighs the evidence to satisfy itself as to the existence of its power to hear the case."  Id. (citing Iwanowa v. Ford Motor Co., 67 F. Supp. 2d 424, 438 (D.N.J. 1999)).

By voluntarily submitting all allegations of the Complaint that form the basis of its claims against Chex to JAMS – albeit it, to the wrong arbitration tribunal – MicroBilt has availed itself of arbitration in favor of litigation in this Court, and it is bound to that process, which Chex does not oppose.  See id. at *4-*5 (holding that the plaintiff's "initiating and participating in

arbitration without objection" "require[d] that the breach of contract dispute be submitted to arbitration" and dismissed pursuant to Rule 12(b)(1)).

MicroBilt's Complaint should also be dismissed for failure to state a claim for which relief can be granted because the entire Complaint is admittedly arbitrable. (See Arbitration Demand at 2, Ex. B.) Such a motion is treated as a motion to dismiss under Rule 12(b)(6) in the context of a dispute governed by the FAA. See Palcko v. Airborne Express, Inc., 372 F.3d 588, 597 (3d Cir. 2004) ("Our prior decisions support the traditional practice of treating a motion to compel arbitration as a motion to dismiss for failure to state a claim upon which relief can be granted."); see, e.g., Ramey v. Burlington Car Connection, Inc., No. 10-1445 (JBS/JS), 2010 WL 4320407, at *1 (D.N.J. Oct. 25, 2010) ("The Court treats Defendant's motion [to refer arbitration] as a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."). "[I]f a plaintiff seeks relief in federal court for a claim that is subject to an arbitration agreement, the defendant is entitled to a stay of the court proceeding pending arbitration, and to an order compelling arbitration. If the plaintiff's entire action is subject to an arbitration agreement, a court may dismiss the action instead of staying it." See Mills v. Marjam Supply Co., Inc., No. No. 08-CV-5726 (DMC), 2009 WL 235593, at *3 (D.N.J. Jan. 30, 2009) (citing Dancu v. Coopers & Lybrand, 778 F. Supp. 832, 835 (E.D. Pa. 1991), aff'd, 972 F.2d 1330 (3d Cir. 1992)). On this Rule 12(b)(6) motion to dismiss, the Court must accept as true all of the factual allegations in the Complaint, and draw all reasonable inferences in favor of MicroBilt. See Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001).

Here, it is undisputed that a binding arbitration provision was agreed upon by Chex and MicroBilt. In addition, as discussed supra, all of MicroBilt's claims against Chex are subject to the arbitration provision in the Resale Agreement, including Chex's termination of the Resale Agreement. Cf. Mroczkowski, 2009 WL 1298434, at *4 (explaining that a breach of contract

claim pertaining to termination of an agreement falls within the arbitration agreement). MicroBilt has not denied and cannot refute that, under the AAA's Procedures for Large, Complex Commercial Disputes, an arbitrator can issue the injunctive relief that MicroBilt now seeks. Therefore, the Court should dismiss this action based on the unambiguous binding arbitration provision in the Resale Agreement and on the consensual understanding of the parties that this dispute is subject to arbitration. As the entire action is subject to arbitration, the more prudent determination would be dismissal in favor of arbitration. See Mills, 2009 WL 235593, at *3-*4 (dismissing pursuant to Rules 12(b)(1) and 12(b)(6)).

Arbitration is proper under the AAA's rules in Duval County, Florida, under Delaware law, and not before Judge Hughes. Arbitration is derived from the terms of the agreement. Kaplan v. First Options of Chi., Inc., 19 F.3d 1503, 1512 (3d Cir. 1994), aff'd, 514 U.S. 938 (1995). Further, under Delaware and New Jersey law, the contents of the contract control, not the intention of the parties. See Alpert, Goldberg, Butler, Norton & Weiss, P.C. v. Quinn, 410 N.J. Super. 510, 533 (App. Div. 2009); Cont'l Ins. Co. v. Rutledge & Co., Inc., 750 A.2d 1219, 1228 (Del. Ch. 2000). The plain language of the arbitration provision, coupled with MicroBilt's demand for arbitration, does not permit this Court to ignore the very language of the bargained for agreement between two sophisticated parties that demands that all disputes be arbitrated. See Upton v. Tribilcock, 91 U.S. 45, 50 (1875) ("It will not do for a [person] to enter into a contract, and, when called upon to respond to its obligations, to say that he . . . did not know what it contained." (emphasis added)); Sheet Metal Workers Int'l Ass'n Local Union No. 27, AFL-CIO v. E.P. Donnelly, Inc., 673 F. Supp. 2d 313, 328 (D.N.J. 2009) ("Walking blindfolded through one's business affairs does not excuse the ensuing collision."). A valid contract is an enforceable contract, and the arbitration provision unambiguously requires arbitration of MicroBilt's claims

accordingly.

MicroBilt, again, concedes in its demand for arbitration that, pursuant to Section 29 of the Resale Agreement, that the proper venue lies in Duval County, Florida.  MicroBilt initiated arbitration in Duval County and, accordingly, subjected itself to the jurisdiction of arbitration there.  This Court is without subject matter jurisdiction to adjudicate the Complaint and decide MicroBilt's application for a TRO and should dismiss this action.

### IV.   CONCLUSION

For the foregoing reasons, Defendant Chex Systems, Inc. respectfully requests that this Court dismiss MicroBilt's action against Chex in favor of arbitration in accordance with the express provisions of the Resale Agreement between the parties.

Respectfully submitted,

**REED SMITH LLP**

By:   */s/ Edward J. Mullins III*
     Mark S. Melodia
     Andrew J. Trevelise[8]
     Edward J. Mullins III

Attorneys for Defendant Chex Systems, Inc.

Dated:  December 21, 2010

---

[8] With the consent of MicroBilt, Mr. Trevelise will seek <u>pro hac vice</u> admission to this Court.